CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JEAN FUNDAKOWSKI (CABN 328796)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    Email: jean.fundakowski@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:25-CR-00254 AGT |
|    Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
|   v. | Date: November 18, 2025 |
| JERRY CHAN, | Time: 10:00 a.m. |
|    Defendant. | Court: Hon. Alex G. Tse |

**INTRODUCTION AND SUMMARY**

For the reasons set forth below, the United States requests that the Court accept the Rule 11(c)(1)(A) and 11(c)(1)(C) Plea Agreement in which Mr. Chan will plead guilty to one count of Operating a Motor Vehicle with a Blood or Breath Alcohol Content of 0.08 Percent or Greater, in violation of 36 C.F.R. § 1004.23(a)(2), and issue the agreed-upon proposed sentence of two years of probation with alcohol and drug testing and education, and 15 hours of community service. The combination of proposed probation conditions will ensure that Mr. Chan receives correctional education and supervision that will protect the public and deter future criminal conduct and takes into account both the seriousness of the underlying offense and Mr. Chan's lack of criminal history.

UNITED STATES' SENTENCING MEMORANDUM
3:25-CR-00254 AGT               1

## THE OFFENSE CONDUCT

As set forth in Paragraph 2 of the Plea Agreement, on March 30, 2024, Mr. Chan drove his personal vehicle within the bounds of the Presidio of San Francisco while the alcohol concentration in his blood was 0.08 percent or higher.  Specifically, at approximately 6:44 a.m., Mr. Chan drove his Tesla Model Y off a residential road between Storey Avenue and Battery Wagner Road and into a tree in the grassy median.  Mr. Chan consented to a blood draw and test, the results of which confirmed that at 9:58 a.m. on March 30, 2024, the alcohol concentration in his blood was 0.239 percent.  The Presidio is within the bounds of federally owned lands administered by the Presidio Trust and within the special maritime and territorial jurisdiction of the United States.

## THE PLEA AGREEMENT

The United States and Mr. Chan have agreed to a Rule 11(c)(1)(A) and 11(c)(1)(C) Plea Agreement under which Mr. Chan will plead guilty to Count Two of the Information charging Operating a Motor Vehicle with a Blood Alcohol Content of 0.08 Percent or Greater, in violation of 36 C.F.R. § 1004.23(a)(2).  The parties agree that the Court should impose the following sentence:

1. Two years of probation, with the following conditions:

   a. Successful completion of an approved "First-Time Offender's DUI Program;"

   b. A program of mental health counseling as directed by the Probation Officer;

   c. Participation in a program of testing and treatment for drug or alcohol abuse, as directed by the Probation Officer, until such time as he is released from testing and treatment by the Probation Officer;

   d. No measurable amount of drugs or alcohol in his system while driving a motor vehicle during the probationary period;

   e. If arrested for a subsequent DUI, he must consent to chemical tests of his blood, breath, or urine for the purposes of determining the alcohol content of his blood;

   f. 15 hours of community service; and

2. Payment of a mandatory special assessment fee of $10.

As part of the Plea Agreement, if the Court agrees to impose the proposed sentence in the Plea Agreement, the United States will dismiss the remaining count in the Information, which charges Mr. Chan with violation of 36 C.F.R. § 1004.23(a)(1)—Operating a Motor Vehicle Under the Influence of Alcohol (a Class B Misdemeanor).

## ARGUMENT

### I. The United States Sentencing Guidelines Do Not Apply to Class B Misdemeanors

Because the charged offense that Mr. Chan is prepared to plead guilty to is a Class B Misdemeanor, there are no applicable United States Sentencing Guidelines to consider.

### II. The Proposed Sentence Appropriately Balances the Sentencing Considerations

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

3. the need for the sentence imposed to afford adequate deterrence to criminal conduct;

4. the need for the sentence to protect the public from future crimes of the defendant;

5. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

6. the need to provide restitution to any victims of the offense.

These factors balance the various considerations relevant to determining a just sentence. Here, the proposed sentence in the Plea Agreement strikes the careful balance required by the factors governing the imposition of criminal sentences in 18 U.S.C. § 3553(a).

UNITED STATES' SENTENCING MEMORANDUM
3:25-CR-00254 AGT                3

The proposed sentence reflects the seriousness of the offense as well as the nature and characteristics of the defendant. There is no question that Mr. Chan's decision to drive while intoxicated put himself and members of the public in danger. However, Mr. Chan has no criminal history; cooperated with the U.S. Park Police officers who responded to the scene of the collision; and did not harm any other person or property. By signing the Plea Agreement, he has acknowledged that his decisions and actions on March 30, 2024, were wrong and taken responsibility for them.

The proposed conditions of probation will provide just punishment for the offense and respect for the law, as they will require Mr. Chan to expend significant effort and time to remain in compliance. Completing the DUI program, agreeing not to drive with any drugs of alcohol in his system during the term of probation, and consenting to future chemical tests in the event of a subsequent DUI arrest will deter future crime and protect the public.

Finally, similarly-situated defendants have received similar sentences in this District.

Weighing all these factors, the United States believes that resolving the case without a custodial sentence according to the conditions in the proposed Plea Agreement is sufficient, but not greater than necessary, to reflect the purposes of sentencing.

**CONCLUSION**

For the reasons set forth above, the United States believes that the proposed Plea Agreement strikes a careful balance between the interest of just punishment, deterrence, and protecting the public in accordance with the principles in Section 3553 of Title 18 of the United States Code. The government therefore respectfully requests that the Court approve the proposed Plea Agreement.

DATED: November 13, 2025

Respectfully Submitted,

CRAIG H. MISSAKIAN
United States Attorney

JEAN PUNDAKOWSKI
Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
3:25-CR-00254 AGT                    4